| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17889816 | D1 FX | 33948195 |

Rule 4 (B) Ohio
Rules of Civil Procedure

| | |
|---|---|
| CASSANDRA PAYNE<br>VS<br>WATERSTONE PROPERTIES LLC, ET AL | PLAINTIFF<br><br>DEFENDANT |

# SUMMONS

WATERSTONE PROPERTIES LLC
DBA WATERSTONE PROPERTY MANAGEMENT
14077 CEDAR ROAD #204
CLEVELAND OH 44118

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on:

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Plantiff's Attorney**

BRADLEY LEVINE
8401 CHAGRIN ROAD   SUITE 8

CHAGRIN FALLS, OH 44023-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN P O'DONNELL
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas



By_____
Deputy



| DATE SENT |
|---|
| Dec 4, 2017 |

COMPLAINT FILED   11/30/2017



CMSN130



EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| CASSANDRA PAYNE<br>8305 Connecticut Avenue<br>Cleveland, OH 44105<br><br>    Plaintiff,<br><br>v.<br><br>WATERSTONE PROPERTIES LLC<br>d/b/a Waterstone Property Management<br>14077 Cedar Road #204<br>Cleveland, OH 44118<br><br>    and<br><br>CATHERINE WASSERSTEIN<br>14100 Cedar Road #309<br>Cleveland, OH 44121<br><br>    and<br><br>NED WASSERSTEIN<br>14100 Cedar Road #309<br>Cleveland, OH 44121<br><br>    . and<br><br>ABBY REEL<br>14100 Cedar Road #309<br>Cleveland, OH 44121<br><br>    Defendants. | Civil Action No. _____<br><br>Judge _____<br><br><br><br>**COMPLAINT FOR DISABILITY DISCRIMINATION, RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT, WRONGFUL DISCHARGE, NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION, RETALIATION, UNJUST ENRICHMENT, UNPAID MINIMUM WAGES, UNPAID OVERTIME WAGES, AIDING & ABETTING, AND FAILURE TO PROVIDE REQUESTED RECORDS**<br><br><br><br><br><br><br><br><u>**JURY DEMAND ENDORSED HEREON**</u> |

Plaintiff Cassandra Payne ("Plaintiff") alleges as follows for her Complaint against Defendants Waterstone Properties LLC, Catherine Wasserstein, Ned Wasserstein, and Abby Reel (collectively "Defendants"):

1. Plaintiff worked for Defendants in Cuyahoga County, Ohio.

2. Plaintiff is African-American.

3. Defendant Waterstone Properties LLC. ("Waterstone") is an Ohio corporation, doing business in Cuyahoga County, Ohio.

4. Waterstone's revenues exceed $500,000 per year.

5. Waterstone is an enterprise engaging in interstate commerce.

6. Defendant Catherine Wasserstein is a co-owner of Waterstone.

7. Catherine Wasserstein is Caucasian.

8. Defendant Ned Wasserstein is a co-owner of Waterstone.

9. Ned Wasserstein is Caucasian.

10. Defendant Abby Reel ("Reel") is a Property Manager.

11. Reel is Caucasian.

12. Defendants were an employer of Plaintiff.

13. Defendants employed Plaintiff as a Building Maintenance Technician from January 25, 2017 until her termination on June 6, 2017.

14. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

15. Venue is proper in Cuyahoga County, Ohio.

16. Plaintiff has suffered damages in excess of $50,000.

17. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonably attorney's fees and costs of they are successful on one or more of the claims set forth herein.

Electronically Filed 11/30/2017 16:57 / / CV 17 889816 / Confirmation Nbr. 1238636 / CLKMG

18. Plaintiff consents to become a party plaintiff in this action and has attached her written consent hereto as Exhibit A.

### A. DEFENDANTS DISCRIMINATE AGAINST PLAINTIFF BECAUSE OF HER DISABILITIES AND HER RACE

19. On June 1, 2017, Plaintiff injured her back at work.

20. Plaintiff reported her workplace injury to Reel and requested an incident report to file for workers' compensation benefits.

21. Reel never provided an incident report to Plaintiff.

22. Plaintiff was physically disabled by her back injury.

23. Plaintiff was physically disabled by high blood pressure.

24. Plaintiff's physical impairments substantially limited one or more of her major life activities, including but not limited to, operation of a major bodily function if no medication or medical treatment was received.

25. Defendants were aware of Plaintiff's disabilities.

26. Plaintiff has a record of physical impairments.

27. Defendants regarded Plaintiff as having physical impairments.

28. Plaintiff was qualified for her job as a Building Maintenance Technician.

29. The essential functions of Plaintiff's job as a Building Maintenance Technician included, but were not limited to, repairing Waterstone's properties.

30. Plaintiff could perform the essential functions of her job as a Building Maintenance Technician with a reasonable accommodation for her high blood pressure and without a reasonable accommodation for her back injury.

31. During Plaintiff's first week of employment, she requested as a reasonable accommodation for her high blood pressure to take a modified meal break towards the end of her shift. Plaintiff explained to Reel that her disability required her to take a prescription medication with food so that her body could metabolize the medication. Plaintiff further explained to Reel that the side effects of Plaintiff's medication caused her to experience dizziness, nausea, and fatigue, and the reason Plaintiff requested a modified meal break was to ensure that Plaintiff would not suffer any debilitating side effects on the job that could endanger Plaintiff while she engaged in physical labor.

32. Reel refused to reasonably accommodate Plaintiff's high blood pressure with a modified meal break.

33. Defendants did not provide Plaintiff with any accommodation for her high blood pressure.

34. Reel discriminated against Plaintiff because of her African-American race.

35. Reel frequently referred to Plaintiff as "ghetto."

36. Reel forced Plaintiff to perform degrading tasks that were designed to humiliate, intimidate and harass Plaintiff on the basis of her African-American race, including but not limited to forcing Plaintiff to clean the toilet of Reel's boyfriend.

37. On a daily basis, Plaintiff met with Abe Gibson ("Gibson"), Building Maintenance Technician, and Aeric Harrison, Building Maintenance Technician, to discuss Reel discriminating against African-American employees.

38. Gibson and Harrison are African-American.

Electronically Filed 11/30/2017 16:57 / / CV 17 889816 / Confirmation Nbr. 1238636 / CLKMG

39. Gibson and Harrison encouraged Plaintiff to raise the issue of race discrimination, among several other problematic workplace conditions, at a staff meeting scheduled for June 2, 2017.

40. On June 2, 2017, Catherine Wasserstein held a staff meeting that included: (1) Plaintiff, (2) Reel, (3) Gibson, (4) Harrison, (5) Alycia Drabish, (6) Stacey, and (7) Paige.

41. Plaintiff complained during the staff meeting that Reel was discriminating against African-Americans. As an example, Plaintiff described how Reel had been forcing Plaintiff to perform degrading tasks for Reel's boyfriend who lived at one of Waterstone's properties. Plaintiff also complained that Reel unfairly disciplined Plaintiff for allegedly being "ghetto" in the performance of her work duties.

42. Plaintiff begged Catherine Wasserstein to discipline Reel for violating Waterstone's policies and procedures that prohibit sexual relations with a resident and for engaging in race discrimination.

43. Catherine Wasserstein refused to discipline Reel for violating Waterstone's policies and procedures and for engaging in race discrimination. Catherine Wasserstein yelled at Plaintiff, "I don't give a shit! Do your fucking job!"

44. Plaintiff cried during the staff meeting when she realized that Catherine Wasserstein would do nothing to protect her or her African-American coworkers from race discrimination.

45. Plaintiff slumped forward in her chair during the staff meeting and cringed due to the pain caused by her back injury.

5

46. During the staff meeting, Plaintiff requested to take off work on June 6, 2017 to see a doctor.

47. Catherine Wasserstein approved Plaintiff taking off work on June 6, 2017.

48. Plaintiff took off work on June 6, 2017 for a doctor's appointment.

49. On June 6, 2017, Ned Wasserstein text messaged Plaintiff, "Cassandra based on the Friday staff meeting incident combined with taking a non approved day off on the week you were on call and today no show, and inability to work with [Reel] — there is no reason for you to come back to work. I wish you luck — but what you did on Friday cannot be undone."

50. Defendants' purported reason for terminating Plaintiff is a mere pretext.

51. Defendants terminated Plaintiff in retaliation for her complaint about race discrimination, because of her African-American race, because of her disabilities, and because Plaintiff intended to file for workers' compensation benefits.

**B.     DEFENDANTS' WAGE AND HOUR VIOLATIONS**

52. Plaintiff took no more than two meal breaks per week for each week of her employment.

53. Plaintiff took no more than two meal breaks per week because Defendant refused to reasonably accommodate Plaintiff with a modified meal break so that Plaintiff could take her prescription medication with food towards the end of her shift.

54. Without a modified meal break, Plaintiff had no choice but to work through at least three of her meal breaks each week so that she could take her prescription medication with her dinner after work.

55. On a daily basis, Plaintiff engaged in substantial duties while she worked through her meal breaks by fixing Defendants' properties.

56. Despite the hours that Plaintiff worked through her meal breaks, Defendant automatically deducted thirty minutes from her time sheets.

57. Defendant knew that Plaintiff worked through her meal breaks, because (a) Plaintiff told Reel that Plaintiff would have to save her medication to take with dinner instead of stopping to eat at work since Defendants had refused to reasonably accommodate Plaintiff's high blood pressure, (b) Plaintiff text messaged Reel that she would not stop to eat at work, and (c) Plaintiff did not put on her time sheets that she had taken meal breaks.

58. Plaintiff worked overtime each week of her employment, but Defendants only paid Plaintiff straight time instead of time and a half for the hours that Plaintiff worked over forty hours per week.

59. During the months of March, April, May and June 2017, Plaintiff completed at least twelve hours of "on call services." "On call services" is Defendants' denotation for emergency maintenance assignments.

60. Defendants failed to pay Plaintiff any compensation whatsoever for her minimum of twelve hours of "on call services."

61. Defendants failed to prevent Plaintiff from working through her meal breaks, or to pay Plaintiff her correct wages for the hours that she worked over forty hours each week, or to pay Plaintiff anything for her "on call services."

Electronically Filed 11/30/2017 16:57 / / CV 17 889816 / Confirmation Nbr. 1238636 / CLKMG

## COUNT I
## DISABILITY DISCRIMINATION

62. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 61 above.

63. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendants discriminated against Plaintiff because of her disabilities, because of her record of being disabled, or because of perceived disabilities.

64. Plaintiff was qualified for her job.

65. Plaintiff could perform the essential functions of her job with a reasonable accommodation for her high blood-pressure and without a reasonable accommodation for her back injury.

66. Plaintiff suffered adverse employment actions when Defendants refused to reasonably accommodate Plaintiff's high blood-pressure and terminated Plaintiff because of her disabilities, because of her record of being disabled, and because of Defendants regarding Plaintiff as disabled.

67. Plaintiff has been damaged by Defendants' disability discrimination.

68. Defendants' conduct is the cause of Plaintiff's damages.

69. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT II
## RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

70. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 69 above.

8

Electronically Filed 11/30/2017 16:57 / / CV 17 889816 / Confirmation Nbr. 1238636 / CLKMG

71. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendants discriminated against Plaintiff because of her African-American race by subjecting Plaintiff to a racially hostile work environment and terminating her employment.

72. Plaintiff is a member of a protected class.

73. Plaintiff was qualified for her job.

74. Plaintiff suffered adverse employment actions when Defendants subjected Plaintiff to a racially hostile work environment and terminated her because of her African-American race.

75. Defendants created a racially hostile work environment by engaging in severe and pervasive conduct that altered the terms conditions of Plaintiff's employment.

76. Plaintiff has been damaged by Defendants' race discrimination and racially hostile work environment.

77. Defendants' conduct is the cause of Plaintiff's damages.

78. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT III
## WRONGFUL DISCHARGE

79. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 78 above.

80. A clear public policy prohibiting retaliation against an employee who seeks workers' compensation benefits exists in Ohio Revised Code Sections 4123.01 and 4123.90.

81. Permitting Plaintiff's termination places in jeopardy clear public policies set forth in Ohio Revised Code Sections 4123.01 and 4123.90.

82. Defendants lacked an overriding business justification for the discharge of Plaintiff.

83. Plaintiff has been damaged by Defendants' wrongful discharge.

84. Defendants' wrongful discharge is the cause of Plaintiff's damages.

85. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

86. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 85 above.

87. Waterstone had a duty to use due care in hiring, training, retaining, and supervising Reel.

88. Waterstone breached its duty to use due care in hiring, training, retaining, and supervising Reel.

89. Plaintiff has been damaged by Waterstone's failure to use due care.

90. Waterstone's conduct is the cause of Plaintiff's damages.

## COUNT V
## RETALIATION

91. Plaintiff re-allege each allegation set forth in paragraphs 1 to 90 above.

92. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(I) and 4112.99.

93. Plaintiff orally opposed and complained about Defendants' unlawful employment practices.

Electronically Filed 11/30/2017 16:57 / / CV 17 889816 / Confirmation Nbr. 1238636 / CLKMG

94. Plaintiff had a reasonable belief that Defendants were engaging in unlawful employment practices.

95. Defendants retaliated against Plaintiff by terminating her employment.

96. Plaintiff's opposition and complaints about Defendants' unlawful employment practices caused Defendants to terminate Plaintiff.

97. Defendants had no legitimate business justification for terminating Plaintiff.

98. Plaintiff have been damaged by Defendants' retaliation.

99. Defendants' conduct is the cause of Plaintiff's damages.

100. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT VI
## UNJUST ENRICHMENT

101. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 100 above.

102. Plaintiff conveyed a benefit upon Defendants, and gave the benefit with Defendants' knowledge, by working through at least three meal breaks per week without pay, by working overtime hours in exchange for straight pay instead of time and a half, and by providing at least twelve hours of "on call services" without pay.

103. Defendant's automatic deduction of Plaintiff's meal breaks, paying Plaintiff only straight time for her overtime hours, and not paying Plaintiff anything for at least twelve hours of "on call services" is unjust under the circumstances.

104. Plaintiff has been damaged by Defendants' unjust enrichment.

11

## COUNT VII
## UNPAID MINIMUM WAGES

105. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 104 above.

106. Defendants have violated Section 34a, Article II, of the Ohio Constitution, Ohio Revised Code Section 4111.14 and the Fair Labor Standards Act by not paying Plaintiff her minimum wage.

107. Defendants' conduct with regard to not paying minimum wage was willful.

108. Plaintiff has been damaged by Defendants' nonpayment of minimum wage.

109. In addition to being entitled to her unpaid back wages, Plaintiff is entitled to two times those back wages as liquidated damages pursuant to Section 34a of Article II of the Ohio Constitution and Ohio Revised Code Section 4111.14(J) (or in the alternative one times those back wages as liquidated damages pursuant to the Fair Labor Standards Act).

110. Defendants are liable for Plaintiff's costs and reasonable attorney's fees pursuant to Section 34(a) of Article II of the Ohio Constitution, and the Fair Labor Standards Act.

## COUNT VIII
## UNPAID OVERTIME

111. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 110 above.

112. Defendants have violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiff overtime wages for hours worked more than 40 in a week.

113. Defendants' conduct with regard to not paying overtime to Plaintiff was willful.

114. Plaintiff has been damaged by Defendants' nonpayment of overtime wages.

115. Plaintiff is entitled to liquidated damages of one times overtime not paid pursuant to the Fair Labor Standards Act.

116. Defendants are liable for Plaintiff's costs and reasonable attorney's fees pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

## COUNT IX
## AIDING AND ABETTING

117. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 116 above.

118. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(J) and 4112.99.

119. Defendants have aided in disability discrimination, race discrimination, and in creating a hostile work environment for Plaintiff.

120. Defendants have abetted in disability discrimination, race discrimination, and in creating a hostile work environment for Plaintiff.

121. Plaintiff has been damaged by Defendants' aiding or abetting.

122. Defendants' conduct is the cause of Plaintiff's damages.

123. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT X
## FAILURE TO PROVIDE REQUESTED RECORDS

124. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 123 above.

125. On August 8, 2017, a person acting on behalf of Plaintiff sent a request to Waterstone for documents and records required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

126. Waterstone received the request for documents and records regarding Plaintiff that are required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

127. Watesrtone did not produce any documents or records in response to the request.

128. Plaintiff may bring this action pursuant to Ohio Revised Code Section 4111.14(K).

129. Waterstone is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Section 34(a) of Article II of the Ohio Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants for her lost wages, reinstatement or front pay, lost fringe benefits, unpaid minimum wage and overtime, liquidated damages, statutory damages, emotional distress, and any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Brad Levine
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Brad Levine, Esq.
Supreme Court No. 0090286
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
blevine@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

Cassandra Payne agrees and consents to become a party plaintiff in this lawsuit.

_____C. Payne_____

**EXHIBIT A**